**Bashir A. YOUSUFZAI, M.D., Petitioner,**

v.

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE BOARD OF MEDICINE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2002.

Decided March 12, 2002.

Carl E. Harvison, Pittsburgh, for petitioner.

Amy L. Nelson, Harrisburg, for respondent.

Before FRIEDMAN, Judge, LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Bashir A. Yousufzai, M.D. (Petitioner) petitions for review of an order of the State Board of Medicine (Board) which revoked Petitioner's medical license following his conviction of six counts of indecent assault. We affirm.

On February 11, 2000, the Board filed an Order to Show Cause alleging that Petitioner violated Section 41(8) of the Medical Practice Act (MPA), Act of December 20, 1985, P.L. 457, *as amended*, 63 P.S. § 422.41(8), by sexually assaulting several of his patients during office visits. Petitioner filed an Answer denying the allegations set forth in the Board's Order to Show Cause. On November 2, 2000, the Board filed an Amended Order to Show Cause following Petitioner's conviction in the Court of Common Pleas of Clearfield County of six counts of the misdemeanor offense of indecent assault.[1] Petitioner

---

1. Specifically, Petitioner was convicted of six counts of indecent assault under 18 Pa.C.S. § 3126(a)(1), which provides that:

filed an Answer admitting to the conviction but disputing the "appropriateness of the conviction." Thereafter, a hearing was held before the Board on December 19, 2000.

▮ Following the hearing, a Hearing Examiner issued a proposed Adjudication and Order dated February 8, 2001. The Hearing Examiner concluded that, based on Petitioner's conviction, he is subject to discipline pursuant to Sections 41(3) and (8) of the MPA and that his license to practice medicine should be revoked. On February 22, 2001, Petitioner filed an Application for Reconsideration with the Board arguing that "[t]he imposition of the sanction of the revocation of the doctor's license is unduly harsh to the extent that it constitutes a capricious and flagrant abuse of discretion" and that the revocation of Petitioner's license is not warranted by the facts presented. The Board filed a Notice of Intent to Review the Hearing Examiner's decision and issued its own Adjudication and Order on August 8, 2001. The Board also concluded that Petitioner was subject to disciplinary action under the MPA as he was guilty of immoral or unprofessional conduct for performing sexual acts upon patients and that his license should be revoked for these offenses. In the discussion section of the Adjudication, the Board noted that Petitioner

> also asserts that he is being discriminated against on the basis of his nationality, as he is a native of Afghanistan. This claim is specious. The Board consistently imposes severe sanctions on sexual predators, without regard to their age, race, religion or ethnicity. Respondent's actions in this matter, the criminal sexual assault of five female patients, are so egregious that it is hard to fathom how he could argue that the Board's decision was based upon anything other than his conduct.

(Board's Adjudication and Order, p. 8).[2] This appeal followed.[3]

Petitioner raises two issues for our review: 1) whether the Board's description of Petitioner as a sexual predator is an abuse of discretion and an indication of bias, and 2) whether the Board failed to consider the availability and appropriateness of alternative penalties.

Section 41 of the MPA provides, in relevant part, that:

> The board shall have authority to impose disciplinary or corrective measures on a board-regulated practitioner for any or all of the following reasons:
>
> . . .
>
> (3) Being convicted of a felony or **being convicted of a misdemeanor relating to a health profession** or receiving probation without verdict, disposition in lieu of trial or an Accelerated Rehabilitative Disposition in the disposition of felony charges, in the courts of this Common-

---

(a) Offense defined.—A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:
(1) the person does so without the complainant's consent; . . .
Pursuant to Section 3126(8)(b), indecent assault under Section 3126(a)(1) is a misdemeanor of the second degree.

**2.** We note that Petitioner's allegation of discrimination would not be related to the Sep-

tember 11, 2001 terrorist attacks, as the Board issued its Adjudication more than a month before those attacks.

**3.** Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence of record. *M., M.D. v. State Board of Medicine*, 725 A.2d 1266, 1268 (Pa.Cmwlth.1999).

wealth, a Federal court or a court of any other state, territory or country.

. . .

(8) **Being guilty of immoral or unprofessional conduct.** Unprofessional conduct shall include departure from or failing to conform to an ethical or quality standard of the profession. In proceedings based on this paragraph, actual injury to a patient need not be established.

63 P.S. § 422.41(8) (emphasis added). The disciplinary measures that the Board may impose include revocation or suspension of a physician's license.

 Petitioner argues that the Board impermissibly attempted to designate him as a "sexual predator", which is a designation that only a sentencing court can make. Petitioner is mistaken. The Board only defended itself against Petitioner's charge that the Board was discriminating against him because he is a native of Afghanistan by stating that severe sanctions have consistently been levied against sexual predators without regard to nationality, race or religion. The Board did not state that Petitioner was a "sexually violent predator" as that term in used in Megan's Law and made no finding of fact in this regard. *See* Megan's Law, 42 Pa.C.S. § 9791 *et seq.*[4] In any event, if there was error, it was harmless error. Therefore, we reject Petitioner's argument.

 Petitioner also argues that the Board failed to consider alternative penalties and that revocation of his license was inappropriate. We disagree. In *Telang v. Bureau of Professional and Occupational*

*Affairs,* 561 Pa. 535, 751 A.2d 1147 (2000), the New Jersey Board of Medicine suspended Dr. Telang's license after finding that he sexually abused one of his patients. As a result, the Board sought to suspend Dr. Telang's license in Pennsylvania. After a hearing, the hearing examiner determined that Dr. Telang's license should be suspended for three years. Dr. Telang filed an Application for Review with the Board, which "found Telang's conduct 'a deplorable violation of patient rights and medical ethics,' maintaining that 'even a single incidence of sexual abuse of a patient warrants a stringent sanction so that the greatest protection to the public available to the Board is afforded and so that integrity of the profession is maintained.'" *Id.* at 539, 751 A.2d at 1149. Accordingly, the Board decided that the doctor's license should be *revoked* rather than suspended. On appeal, the Supreme Court affirmed the Order of the Board.

Based on the *Telang* case, it is evident that the revocation of Petitioner's license was entirely appropriate, as he assaulted his patients not once, but six times. Furthermore, the Board's findings are supported by substantial evidence and are based on facts established in the Court of Common Pleas of Clearfield County that Petitioner is guilty, beyond a reasonable doubt, of indecent assault. Petitioner essentially asks this court to look at the evidence anew and reweigh the evidence, an invitation we decline as we are precluded from doing so by our scope of review.

Accordingly, the order of the Board is affirmed.

---

4. We note that an offender is only required to register as a sexually violent predator if the offender is convicted of indecent assault under 18 Pa.C.S. 3126 *and* where the offense is a misdemeanor of the first degree. Under Section 3126(b), indecent assault is only a first-degree misdemeanor if the victim is under thirteen years of age. Because Petitioner's victims were adults, he was convicted under Section 3126(a)(1), which is a second-degree misdemeanor. Therefore, he would not be subject to the reporting requirements of Megan's Law.

## *ORDER*

AND NOW, March 12, 2002, the order of the State Board of Medicine docketed at 0092–49–00 and dated August 8, 2001 is hereby affirmed.